It is a settled rule, both in law and equity, that the plaintiff shall recover interest from the time his debts became due. "It is the constant practice," says says Lord Thurlow at Guildhall, "either by the contract or in damages, to give interest on every debt detained. 1 Vez. Jun., 63. When a note is due it bears interest from that time. Esp., 170; Blaney v. Hendrick, 3 Wels., 205. Now the note in this case became due June, 1774, at which time it became the duty of the defendant to pay or tender the money; on his failure, he became bound to pay interest as damages for the detention. The plaintiff's intestate did not leave the country until upwards of a year after the note became due; his leaving the country afterwards is no reason why the defendant should be excused from the payment of interest, as the first default was in him; and if from this, he now suffers any inconvenience, it cannot be charged to the absence of the intestate. "But every man must suffer for his own delay or neglect. And therefore he who does not perform his part of the contract at the time agreed on by the parties, or (569) appointed by law, must stand to all the consequences." 1 Fonb., 424, 425; 2 Fonb., 431. And a court of Equity will not give relief in such cases. It is unnecessary to decide in this case how far a defendant would be liable to the payment of interest, where at times when the money became due, the plaintiff was absent from the country and had *Page 482 
carried the evidence of the debt with him; or dead, and no person legally authorized to receive the debt and give a discharge; so that the defendant had it not in his power to comply with the contract; there fore I give no opinion as to that point. I have not, however, been able to discover from my researches any case where the defendant has been excused from the payment of interest under such circumstances. The general principle seems to be, that the defendant having the possession and use of the money, the presumption is that he made a profit from it equal to the interest. But this appears to me to be a principle which would, if strictly applied, impose a very great hardship, if not a manifest injustice, on a punctual and conscientious debtor, who had provided the money at the day, and held it at his own risk, until there was a person who had a right to receive it, and to whom he could pay it with safety.
I am of opinion, under the circumstances of this case, that the plaintiff is entitled to interest, in damages, from the time that the note became due, deducting only the time of the war, as regulated by the Act of Assembly, until the time of entering the verdict. 2 Bur., 1077, 1094; 3 Bur., 1375; 5 Term Rep., 556.
TAYLOR and HALL, J., concurred with this opinion.
Rule made absolute.
NOTE. — A debtor, who is ready to pay his debt when it becomes due, is excused from paying interest thereon if the creditor conceals his place of residence, and the debtor knows not where to apply to make payment. Child v. Devereux, 5 N.C. 398.
(570)